IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DOROTHY BLACKWELL )
 ) No. 1-10-0076
v. )
 )
MICHAEL J. ASTURE, )
Commissioner of Social Security )

TO: Honorable John T. Nixon, Senior District Judge

REPORT AND RECOMMENDATION

This case was originally filed on August 25, 2010. At that time, the plaintiff was represented by counsel. However, on November 11, 2010, shortly after the defendant filed an answer to the complaint, the plaintiff's attorney filed a motion to withdraw (Docket Entry No. 8), explaining that "despite repeated efforts and for wholly unknown reasons, neither he nor anyone [at his law firm] has been able to communicate with the Plaintiff." The motion was granted by order entered December 10, 2010 (Docket Entry No. 12).

By order entered December 13, 2010 (Docket Entry No. 14), the plaintiff was given until January 13, 2011, to obtain substitute counsel and for substitute counsel to file a notice of appearance on behalf of the plaintiff. Alternatively, the plaintiff was given until January 13, 2011, to file a notice advising the Court that she intended to proceed pro se.

In the December 13, 2010, order, the plaintiff was specifically warned that her failure to obtain substitute counsel or file a notice that she will not be represented by counsel by the January 13, 2011, deadline could result in the dismissal of this case.

The Clerk mailed a copy of the December 13, 2010, order to the plaintiff by regular, first class mail and by certified mail. The plaintiff signed the green return receipt card for the certified mail on December 14, 2010. See Docket Entry No. 16. However, the plaintiff has failed to comply with the December 13, 2010, order. No counsel has appeared on her behalf and she did not file a notice, either by or since January 13, 2011, that she intends to proceed pro se. The plaintiff has not

sought to extend the January 13, 2011, deadline and, in fact, the plaintiff has not communicated with the Court in any form or fashion since her attorney filed a motion to withdraw.

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> [i]f a party . . . fails to obey a scheduling . . . order . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

The plaintiff was clearly put on notice that her failure to make a filing by January 13, 2011, could result in the dismissal of this case. Despite that warning, the plaintiff has failed to make any filings in this case or otherwise communicated with the Court in any manner whatsoever.

The plaintiff's failure to take any action in this case appears to track her conduct prior to her attorney moving to withdraw. She was apparently unwilling to communicate with her former counsel or assist him in prosecuting this case. The plaintiff has exhibited that same lack of interest in this case after her attorney was allowed to withdraw.

It is, therefore, apparent that the plaintiff has lost all interest in pursuing this case.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be dismissed for the plaintiff's failure to prosecute this case, and specifically for her failure to comply with the order of December 13, 2010 (Docket Entry No. 14), pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right

to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge